**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **HUNTER BRAGG** | **CASE NO. 2:25-CV-01310** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DOLLAR GENERAL CORP ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 16) filed by Defendant, DG Louisiana, LLC ("DG") wherein Defendant moves to dismiss Plaintiff, Hunter Bragg's Complaint.

## BACKGROUND

On April 14, 2024, Plaintiff alleges that he slipped on a wet floor at a Dollar General Store and suffered injuries. The floor was wet because a Dollar General employee was mopping in preparation for closing the floor.[1]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

[1] Plaintiff's exhibit 2, Frances Bullitt Depo. p. 18:5-7; 42:3-6.

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Under the Louisiana Merchant Liability Act, a merchant owes a duty to persons who use its premises to exercise reasonable care to keep the aisles, passageways, and floors in a reasonably safe condition. La. R.S. 9:2800.6(A); *Anthony v. J-H-J, Inc.*, 2023-0559 (La.

App. 1 Cir. 11/29/23), 380 So.3d 33, 36. La. R.S. 9:2800.6(B) sets forth the plaintiff's burden of proof in such cases as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action , all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that
> risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable
> care, the absence of a written or verbal uniform cleanup or safety procedure is
> insufficient, alone, to prove failure to exercise reasonable care.

Defendant maintains that because there were "wet floor" signs placed close to the wet area of the floor, the Defendant took appropriate protective measures that constitute reasonable care under the circumstances. Defendant faults Plaintiff for not seeing the wet floor signs that were clearly displayed. Plaintiff maintains that Defendant failed to exercise reasonable care.

Plaintiff submits the deposition testimony of the Dollar General store manager, Frances Bullitt, who testified that there was not a visible wet floor sign where Plaintiff was walking up the toy aisle.[2] Plaintiff fell as he cut the corner from the toy aisle.[3] Bullitt

[2] Plaintiff's exhibit 2, Bullitt depo. p. 34:10-14.
[3] *Id.* p. 15:21-25.

further testified that the three wet floor signs were located at the front door, along the Q-line and on the sun-care side of the store, none of which were in Plaintiff's walking path.[4]

The Court finds that Plaintiff has submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial as to whether Defendant exercised reasonable care in warning its customers of a dangerous condition.

## CONCLUSION

For the reasons explained above, the Court will deny Defendant's Motion for Summary Judgment (Doc. 16).

**THUS DONE AND SIGNED** in chambers on this 11th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

[4] *Id.* 18:8-19:10, 30:15-33, 25.